# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATEBORO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | 6:12-cr-18 |
| RODNEY LORENZO SCOTT, aka ) | |
| "ROCKET G", ) | |
| ) | |
| and ) | |
| ) | |
| TERRANCE GERARD STANTON, aka ) | |
| "T-BONE," ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Rodney Lorenzo Scott's Motion for Severance of Trial. ECF No. 696. On July 1, 2013, the Court heard oral argument on Scott's motion. Scott was present at this hearing.

"It is well settled that defendants who are indicted together are usually tried together." *United States v. Browne*, 505 F.3d 1229, 1268 (11th Cir. 2007). That "is particularly true in conspiracy cases." *Id.* "Where, as here, [a] motion for severance is based on the defendant's desire for a codefendant's testimony, the 'defendant must demonstrate . . . : (1) a bona fide need for the codefendant's testimony; (2) the substance of the testimony; (3) the exculpatory nature and effect of the testimony; (4) that the codefendant will actually testify." *United States v. Valadez*, 315 F. App'x 208, 212 (11th Cir. 2008) (citing *United States v. Leavitt*, 878 F.2d 1329, 1340 (11th Cir. 1989)).

The Court finds that Scott has failed to make the required showing. Scott states that the testimony of his codefendant would be exculpatory to Scott. But he can do no more than speculate as to the substance of that testimony because, critically, he admits that he has no idea whether his codefendant will actually testify. The Court also notes that Scott filed his motion roughly six weeks after the motions hearing. Because the Court is left to speculate as the content of any testimony of the codefendant, however, it would have no grounds to grant Scott's motion even if it had been timely.

Accordingly, Scott's motion to sever, ECF No. 696, is **DENIED**.

The 1st day of July, 2013

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA