UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

RODNEY L. SCOTT, )
 )
    Movant, )
 )
v. ) Case No. CV615-106
 ) CR612-018
UNITED STATES OF AMERICA, )
 )
    Respondent. )

# ORDER

Movant Rodney Scott moves under 28 U.S.C. § 2255 to vacate his conviction and sentence imposed in CR612-018, doc. 1149; *see also* doc. 1151 at 50 ("Vacate Movant's Conviction and Sentence in this case"). The Court has yet to rule on it. Yet, Scott has filed a motion for relief pursuant to Fed. R. Civ. P. 60(b)(6). Doc. 1273. As Rule 60(b)(6) only authorizes relief from a "final judgment, order, or other proceeding" and there has not yet been any final order, judgment, or other proceeding, Scott's motion is premature and must be denied on that basis.[1] *See*

---

[1] A Rule 60(b)(6) motion is also inappropriate for seeking relief in Scott's criminal case; Federal Rule of *Civil* Procedure Rule 60(b) does not apply to *criminal* cases. *See United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998).

*Banks v. Sec'y, Florida Dep't of Corr.*, 491 F. App'x 966, 969 (11th Cir. 2012).

The substance of Scott's Rule 60 motion bespeaks a simple amendment to his § 2255 motion, *see* doc. 1273 (arguing that telephone conversations introduced at trial violated the confrontation clause and counsel [wa]s ineffective for failing to object to their use at trial),[2] which the Court will reach in a forthcoming Report and Recommendation. Otherwise, Movant Rodney L. Scott's Rule 60(b)(6) motion is **DENIED** as moot.

**SO ORDERED**, this  12th   day of September, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Of course, the Confrontation Clause applies only to "testimonial" statements. Private conversations not made under examination are likely non-testimonial, *see United States v. Brown*, 441 F.3d 1330, 1359-60 (11th Cir. 2006), so if those statements were properly admitted, a claim for ineffective assistance of counsel is unlikely to succeed.