**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

| | |
|---|---|
| RODNEY LORENZO SCOTT, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | |
| ) | CV615-106 |
| UNITED STATES OF AMERICA, ) | CR612-018 |
| ) | |
| Respondent. ) | |

## ORDER

Convicted and sentenced after a jury trial for his participation in a drug distribution conspiracy, docs. 754, 755,[1] Rodney L. Scott moves under 28 U.S.C. § 2255 to have his sentence reduced from life imprisonment. Docs. 1149 & 1151. As set forth in the Magistrate Judge's Report and Recommendation (R&R):

> **Movant was charged with conspiring to possess with intent to distribute 280 grams or more of cocaine base, five kilograms or more of cocaine hydrochloride, and quantities of ecstasy and marijuana (Count 1), plus three counts of using a communication facility (telephone) to facilitate the conspiracy (Counts 39, 65 & 106). Doc. 3.**
>
> **Scott and one of his co-defendants proceeded to trial and were found guilty on every count. Docs. 754 & 755. As**

---

[1] The Court is citing to the criminal docket in CR612-018 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

part of a special verdict form, the jury also found that Scott and his co-defendant had conspired to distribute 280 grams or more of cocaine base and five kilograms or more of cocaine hydrochloride. *Id.* Prior to trial, the Government had filed a 21 U.S.C. § 851 notice of its intention to seek enhanced penalties based on Scott's prior felony drug convictions, thus subjecting him to a mandatory life sentence. Doc. 709; *see* 21 U.S.C. §§ 841(b)(1)(A), 846. The Court, however, granted the Government's motion to withdraw the notice prior to sentencing, thus reducing Scott's exposure to the unenhanced penalty -- 10 years to life. Docs. 983; 984 at 5.

Scott's Presentence Investigative Report added nine points to his drug-offense Guideline level of 32 -- two for the possession of a firearm, two for the maintenance of a residence for the purpose of manufacturing and distributing crack cocaine, two for the commission of the offense as part of a criminal livelihood, three for an aggravating role, and two for obstruction of justice -- for a total offense level of 43. PSR at ¶¶ 33-43. Because Scott's criminal history placed him within category III under the Guidelines, the advisory range of imprisonment was life imprisonment. *Id.* at ¶ 55 (prior convictions scoring six criminal history points under the Guidelines); ¶ 78 (life imprisonment advised for total offense level of 43 and criminal history category III). Scott objected only to the three-level aggravating role adjustment, *id.*, Addendum at 1, which the Court overruled after a hearing. Doc. 984 at 18. It sentenced him to life imprisonment. *Id.* at 19-25.

Scott appealed, arguing, *inter alia*, that (1) insufficient foundation existed for the admission of certain wiretapped telephone conversations; (2) a law enforcement agent improperly testified as an expert at trial; (3) his prior drug convictions were improperly admitted at trial; (4) his drug-related tattoos were improperly admitted at trial; and (5) he should not have received a three-level aggravating role adjustment. Doc. 1078; *United States v. Stanton*, 589 F.

2

App'x 477 (11th Cir. 2014). After briefing and oral argument, the Eleventh Circuit affirmed his conviction. *See id.* Upon Scott's *pro se* motion for a reduced sentence under 18 U.S.C. § 3582(c)(2), the Court granted a two-level offense level reduction and reduced his sentence from life imprisonment to 360 months' imprisonment. Docs. 1107 & 1128.

Doc. 1294 at 2-4. Scott argues that prosecutorial misconduct, district court errors, and ineffective assistance of counsel (IAC) claims warrant overturning his sentence. Docs. 1149 & 1151. In support of his motion, movant attached a signed affidavit, which he argued offers unrebutted evidence of both his factual innocence (that it was not him on the phone recordings, that he and his codefendant did not deal drugs together), and that his counsel failed in several meaningful ways. Doc. 1251 at 65-66. He also attached an affidavit purportedly signed by his codefendant, Terrance Stanton, supporting some of Scott's contentions. *Id.* at 68.

The Magistrate Judge found that movant's allegations of prosecutorial misconduct were baseless, because the extramarital affair he cited had "absolutely nothing" to do with Scott's case. Doc. 1294 at 5-7. The Court further found that counsel was

3

sufficient (*id.* at 7-19), and that Scott's other claims of errors by the trial court were procedurally barred (*id.* at 19-21). Nothing in Scott's objections undercuts the Magistrate Judge's well-reasoned report. Rather, movant repeats the same arguments already addressed in the R&R, doubling down on his contention that the affidavits he attached are "unrebutted" evidence that, *inter alia*, counsel failed to investigate his innocence, the prosecution was out to get him, a severance motion would have been successful, he and his codefendant never dealt drugs together, his voice was misidentified on the phone recordings, counsel failed to present evidence to the jury that while Scott was indeed a drug dealer he was not a dealer involved in the conspiracy charged, and the Government's witness was actually a lay witness but the jury was led to think him an expert on drug vernacular. Doc. 1300.

As an initial matter, the submission of signed affidavits by Scott and his codefendant -- submitted, it may be noted, in mutual support of their § 2255 motions that are proceeding simultaneously before the Court -- does not constitute "unrebutted" evidence. *See Drew v. Dep't of Corr.*, 297 F.3d

4

1278, 1293 n.7 (11th Cir.2002) (it is not sufficient to merely allege facts that would support relief because "clear precedent establish[es] that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support."). Post-trial, self-serving affidavits, such as those relied upon here, are viewed with extreme suspicion. *See Drew v. Scott*, 28 F.3d 460, 462-63 (5th Cir. 1994). As discussed in the R&R, his codefendant's affidavit that "would have" done things to exculpate Scott, while failing to inculpate himself in any way, is at best "of dubious creditability." Doc. 1294 at n.5.

For that matter, Scott's own conclusory affidavit, lacking reference to actual, creditable evidence of his innocence or counsel's deficient performance other than his own self-serving uncorrobated statements, adds nothing. *See Dorta v. United States*, 2009 WL 762211 at *3 (S.D. Fla. Mar. 19, 2009). Scott presents no new, reliable evidence countering the overwhelming and largely unrebutted evidence of his factual guilt and demonstrating his factual innocence. *See Schlup v. Delo*,

513 U.S. 298, 324 (1995) ("a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires [a movant] to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial."). As explained in the R&R, each of Scott's IAC claims fails on the merits, *see* doc. 1294 at 9-19, and movant offers nothing aside from his own allegations to contradict those conclusions. *See Mostowicz v. United States*, 2013 WL 11320054 at *8 (S.D. Fla. Apr. 11, 2013). Finally, movant's assertion that trial and appellate counsel was required to affirmatively rebut his meritless allegations in his own affidavit is also utterly without merit.

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, doc. 1294, to which objections have been filed, doc. 1300. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court.

Further, a prisoner seeking relief under 28 U.S.C. § 2255 must obtain a certificate of appealability ("COA") before appealing the denial of his application for writ of habeas corpus. 28 U.S.C. § 2253(c)(1)(B). This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in *Slack v. McDaniel*, 529 U.S. 473, 482–84 (2000), petitioner Rodney Lorenzo Scott has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[2] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, petitioner is not entitled to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3).

---

[2] "If the court denies a certificate, [a party] may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

SO ORDERED, this 29 day of March, 2017.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA