IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

```
UNITED STATES OF AMERICA      *
                              *
     v.                       *      CR 612-018-22
                              *
RODNEY LORENZO SCOTT          *
```

### O R D E R

Defendant Rodney Lorenzo Scott has filed a one-page letter moving for compassionate release. The Government opposes the motion. Upon due consideration, the Court denies Scott's request for relief.

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) provides a narrow path for a District Court to grant release to a defendant if it finds that "extraordinary and compelling reasons" warrant such relief and that release is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S.S.G. § 1B1.13. The application note

to this policy statement lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C). A fourth catch-all category provides: "**As determined by the Director of the Bureau of Prisons**, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added).

In this case, the only possible applicable category into which Scott may fall is a qualifying medical condition, particularly since the Director of the BOP has not determined he is eligible for relief. Scott bears the burden of demonstrating that compassionate release is warranted. Cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (in the context of a motion to reduce under § 3582(c)(2)). To qualify as extraordinary and compelling, an inmate's medical condition must be "serious and advanced . . . with an end of life trajectory, U.S.S.G. § 1B1.13, app. note 1(a)(i), or must be serious enough that it "substantially diminish[es] the ability of the [inmate] to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," id., app. note 1(a)(ii). Scott presents no medical evidence that he meets either of these criteria. Indeed, he only states that he is having heart failure, which, as adequately explained in the Government's brief, is belied

2

by his inmate medical records. (See Gov't Resp. in Opp'n, Doc. 1418, at 13-14 & Ex. A.) Without medical evidence to support his alleged serious medical condition or the impact that COVID-19 would have upon him individually, Scott's motion must be denied.

Even if a defendant demonstrates extraordinary and compelling reasons for compassionate release, the Court must still consider the sentencing factors of 18 U.S.C. § 3553(a). See 18 U.S.C. § 3582(c)(1)(A). These considerations do not support early release. Scott's offense and criminal history are significant. Notably, Scott's inmate disciplinary record shows that he is not rehabilitated; he has been charged with possession or use of drugs or alcohol four times in the last three years. (Gov't Resp. in Opp'n, Ex. B.) Further, Scott still has nearly 19 years left on his sentence. Early release of this Defendant would fail to reflect the seriousness of his offense, promote respect for the law, provide just punishment, and afford adequate deterrence.

Upon the foregoing, Defendant Rodney Lorenzo Scott's motion for compassionate release (doc. 1417) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 29th day of October, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3